UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SIMS, BG9905,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS, Warden,<br><br>Respondent. | Case No. 22-cv-00814-SK  (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 2, 3 & 7) |

Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility and State Prison, Corcoran (SATF – CSP, Corcoran), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. Petitioner also seeks appointment of counsel under 18 U.S.C. § 3006A and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

A jury found Petitioner guilty of second-degree murder and found true various firearm enhancement allegations, including that he personally and intentionally discharged a firearm causing great bodily injury or death. On July 13, 2018, the trial court struck the firearm enhancements and sentenced Petitioner to 15 years to life in state prison.

On September 4, 2020, the California Court of Appeal affirmed the judgment of the trial court, and on November 24, 2020, the Supreme Court of California denied review of a petition allegedly raising the same claims raised in the instant federal petition for a writ of habeas corpus under § 2254.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief by raising nine claims, including various claims of prosecutorial misconduct, ineffective assistance of trial counsel and cumulative error/ prejudice. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. Request for Appointment of Counsel

Petitioner's request for appointment of counsel (ECF No. 4) is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition (albeit with the assistance of his state appointed counsel on direct appeal) and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF Nos. 2 & 7) is GRANTED.

2. The clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service) upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: March 10, 2022



SALLIE KIM
United States Magistrate Judge